**NOT FOR PUBLICATION**                                                                      **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PARADISE TRUCK TIRE SPECIALISTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> HOFFMAN TIRE CO., INC., <br><br> Defendant. | Civil Action No.: 11-2657 (PGS) <br><br> **MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This Court *sua sponte* considers dismissing Plaintiff Paradise Truck Tire Specialists, Inc.'s ("Plaintiff") complaint ("Plaintiff's Complaint") for lack of subject matter jurisdiction. A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For the reasons set forth below, this Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.

Plaintiff is a Pennsylvania company. Hoffman Truck Tire Specialists, Inc. ("Defendant") is a New Jersey Company. Defendant allegedly purchased a product from Plaintiff and did not fully pay for the product. Plaintiff seeks to collect the unpaid remainder ($387.85) of the bill.

A federal complaint generally must include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.*, 177

F.3d 210, 222 n.13 (3d Cir. 1999) (citation omitted). "[F]ederal subject matter jurisdiction must appear on the face of the complaint." *Heilman v. United States*, 731 F.2d 1104, 1111 (3d. Cir. 1984) (citations omitted).

Plaintiff's Complaint does not reveal that subject matter jurisdiction exists. Plaintiff does not satisfactorily allege that there exists subject matter jurisdiction due to diversity of citizenship between the parties. *See* 28 U.S.C. § 1332. Diversity jurisdiction requires that the opposing parties be from different states and the amount in controversy rise to a figure greater than $75,000. 28 U.S.C. § 1332. Here, Plaintiff and Defendant are from different states, but the amount in controversy falls short of the monetary requirement. In addition, Plaintiff does not contend that a federal question provides this Court with subject matter jurisdiction. *See* 28 U.S.C. § 1331. Plaintiff's Complaint is therefore fatally flawed and is dismissed with prejudice.[1]

For the reasons set forth above, it is on this 26th day of May, 2011,

ORDERED that Plaintiff's Complaint is dismissed with prejudice; and

ORDERED that Plaintiff's filing fee be returned to Plaintiff.

5/27/11

PETER G. SHERIDAN, U.S.D.J.

---

[1] This Court does not grant Plaintiff the opportunity to amend Plaintiff's Complaint. A court may deny amendment to a pleading where any such amendment would prove futile. *See Lorensz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted). Here, this Court is convinced that Plaintiff cannot re-plead allegations sufficient to demonstrate either diversity jurisdiction or federal question jurisdiction. As such, amendment would prove futile.